**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GUILLERMO MONDRAGON,** | |
| **Plaintiff,** | |
| vs. | **COMPLAINT** |
| **SUSHITOBOX, aka SUSHI ALI SAN, LLC, and ALEJANDRO DARIN CABRERA, INDIVIDUALLY,** | **Jury Trial Demanded** |
| **Defendants.** | |

Plaintiff GUILLERMO MONDRAGON ("Mondragon" or "Plaintiff"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants SUSHITOBOX, aka SUSHI ALI SAN, LLC (hereinafter referred to as Sushitobox") and ALEJANDRO DARIN CABRERA ("Cabrera"), Individually (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1.  Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790), and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC") ("collectively "NJWHL").

2.  Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the retaliation provisions of the FLSA, 29 U.S.C. §215(a)(3), the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a24, the New Jersey

Workers' Compensation Act, N.J.S.A. 34:15-1 TO -142 ("NJWCA"), the common law right to be free from retaliation for exercising his rights protected by a clear mandate of public policy as established in Pierce v. Ortho Pharmaceutical Corp., 84 NJ 58 (1980) ("Pierce"); and the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et. seq. ("CEPA").

3.     Beginning in approximately July 2021, and continuing through at least December 30, 2021, Defendants engaged in a policy and practice of requiring Plaintiff to regularly work in excess of forty (40) hours per week without providing overtime compensation as required by applicable federal and New Jersey state law.

4.     The Plaintiff has initiated this action to recover unpaid overtime compensation that Plaintiff was deprived of, as well as liquidated damages or treble damages as required by law, attorneys' fees and costs.

5.     Plaintiff has initiated this action to recover damages as well as attorneys' fees and costs resultant from Defendants' retaliatory termination of Plaintiff after asserting his rights to be compensated properly in accordance with state and federal law and to recover unpaid workers' compensation benefits in accordance with the New Jersey Workers' Compensation Act.

## **JURISDICTION AND VENUE**

6.     This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 201, *et.seq.*

7.     This Court has subject matter jurisdiction over Plaintiff's NJWHL claims, NJWCA claims, Pierce claims, and CEPA claims, pursuant to 28 U.S.C. §§ 1332

and 1367.

8.　　Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

9.　　At all times material hereto, Plaintiff performed cooking duties for the Defendants in New Jersey and based from Defendants' location in Newark, Essex County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

10.　　At all times pertinent to this Complaint, the Defendant, Sushitobox, is a restaurant offering sushi and other classic Asian specialties as well as Peruvian fare. Sushitobox is engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  More specifically, Defendants regularly served customers from out-of-state and further bought products and goods from out-of-state using interstate channels to present its end product to its customers. Alternatively, Plaintiff worked in interstate commerce, i.e., regularly using products and tools to create an end product, at times to out-of-state customers visiting and/or working in the Newark area. Thus, Plaintiff falls within the protections of the Act.

**PARTIES**

11.　　Plaintiff Mondragon is an adult individual who is a resident of Kearny, New Jersey.

12.　　Plaintiff Mondragon was employed by Defendants full time providing cooking duties for Defendants' patrons from in or about July, 2021 through in or about the end of December 30, 2021.

13.     The individual Defendant, Alejandro Darin Cabrera, owns, operates, and/or manages Sushi O, which is located in Edison, Middlesex County, New Jersey.

14.     At all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

15.     Upon information and belief, at all times relevant to this Complaint, the corporate Defendant's annual gross volume of sales made, or business done, was not less than $500,000.00.

16.     At all times relevant to this Complaint, the Defendant Sushitobox was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

17.     Upon information and belief, Defendant Cabrera is a New Jersey state resident.

18.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Cabrera has been an owner, partner, officer and/or manager of Sushitobox.

19.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Cabrera has had power over personnel decisions at Sushitobox.

20.     At all times relevant to this Complaint, individual Defendant Cabrera was present at the business regularly, and managed the day-to-day financial operations, the company time and pay practices and had the power to change same.

**FACTS**

21.     Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants employed the Plaintiff Mondragon to perform labor in furtherance of their restaurant business.

22.     Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff Mondragon for his overtime hours worked in a work week.

23.     Plaintiff Mondragon was a salaried employee.

24.     Plaintiff Mondragon routinely worked Wednesday through Sunday.

25.     Plaintiff Mondragon routinely worked daily from 9:00 a.m. to 11:00 p.m. without a meal break.

26.     Plaintiff Mondragon generally worked approximately fourteen (14) hours per day, seventy (70) hours each week.

27.     Plaintiff was not paid at one and one-half times his regular rate of pay during the relevant period for his hours worked in excess of forty (40) in a workweek.

28.     On or about December 30, 2021, Plaintiff sustained work related injuries to his ankle.

29.     On that same day, December 30, 2021, Plaintiff informed Defendant of his injury resulting from him falling down a set of stairs.

30.     Immediately upon injuring himself and alerting Defendant of the work injury, Plaintiff went to the hospital.

31.     The doctor treating Plaintiff for his injury directed Plaintiff not to return to work for 2 days.

32.     Upon contacting Defendant after resting his ankle, of which Defendant was aware, Defendant wrongfully terminated Plaintiff.

33.     At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

34.   This cause of action is brought to recover from Defendants unpaid overtime compensation, liquidated or treble damages, as dictated per statute, costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §201, *et.seq.*, as well as applicable provisions of the NJWHL, on behalf of Plaintiff during the material time, and the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 TO -142 ("NJWCA"), the common law right to be free from retaliation for exercising his rights protected by a clear mandate of public policy as established in Pierce v. Ortho Pharmaceutical Corp., 84 NJ 58 (1980) ("Pierce"); and the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et. seq. ("CEPA").

35.   At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation to which he was lawfully entitled for all of his overtime hours worked in a work week.

36.   Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), the NJWHL, N.J. Stat. §34:11-56a25.1, the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 TO -142 ("NJWCA"), and the common law right to be free from retaliation for exercising rights which are protected by a clear mandate of public policy as established in Pierce v. Ortho Pharmaceutical Corp., 84 NJ 58 (1980) ("Pierce"), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE FLSA

37.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 36 above.

38.     Plaintiff is entitled to be paid additional compensation for all of his overtime hours worked each work period.

39.     Defendants knowingly and willfully failed to pay Plaintiff at one and one-half times his regular rate of pay for his overtime hours worked in a work period.

40.     By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41.     As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE NJWHL

42.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 36 above.

43.     In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff his statutorily required overtime compensation for the time he worked in excess of forty (40) hours a week for the Defendants, in violation of the NJWHL.

44.     Plaintiff is entitled to one and one-half times his hourly wage for each hour of

working time in excess of forty (40) hours in any week.

45. Defendants' aforementioned conduct is in violation of the NJWHL.

46. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to lost wages and treble damages, pursuant to the NJWHL.

**COUNT III**
**RECOVERY OF DAMAGES FOR DEFENDANTS' RETALIATION FOR PLAINTIFF'S ASSERTION OF RIGHTS UNDER THE NEW JERSEY WORKERS' COMPENSATION ACT**

47. Plaintiff re-alleges and incorporates here by reference all allegations contained in the paragraphs above.

48. NJ Stat. 34:15-1 to -142 makes it unlawful for an employer to retaliate against an employee who has, amongst other things, made complaints for a violation of the New Jersey Workers' Compensation Act.

49. On or about January 3, 2021, Defendant terminated Plaintiff, and further refused to provide any benefits as required under the New Jersey Workers' Compensation Act.

50. Defendants' termination was unlawful in that it was in retaliation for the notification of the work injury, the request for days off to recover as directed by his doctor, and Plaintiff's request for health care, which resulted from the workplace injury.

51. As a result of Defendants' retaliation, Plaintiff has suffered and seeks to recover loss of wages, compensatory and punitive damages, as well as damages as provided for in the statute, common law, and for such other and further relief as allowable under the law.

**COUNT IV**
**RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATIONS OF**
**PIERCE V. ORTHO PHARMACEUTICAL**

52.     Plaintiff re-alleges and incorporates here by reference, all allegations contained in the above paragraphs above.

53.     On or about January 3, 2021, as a result of Plaintiff's workplace injury, Defendant terminated Plaintiff, and further refused to provide any benefits as required under the New Jersey Workers' Compensation Act.

54.     The New Jersey Workers' Compensation laws are clear mandates of New Jersey's public policy.

55.     Plaintiff's termination was wrongful in that it was resultant from his lawful exercise of rights protected by New Jersey public policy.

56.     Plaintiff's allegation that he is entitled to workers' compensation benefits resultant from an on the job injury is also a clear mandate of New Jersey public policy.

57.     Resultant from Plaintiff's unlawful termination by Defendants in violation of New Jersey public policy, Plaintiff has sustained injury and has suffered loss of wages, compensatory and punitive damages, including but not limited to, and any and all other damages afforded under statute and common law, and reasonable attorneys' fees and costs.

**COUNT V**
**RECOVERY OF DAMAGES FOR DEFENDANTS' RETALIATION IN VIOLATION OF**
**THE NJ CONSCIENTIOUS EMPLOYEE PROTECTION ACT**

58.     Plaintiff re-alleges and incorporates here by reference, all allegations contained in

the above paragraphs.

59.   Defendants' actions against Plaintiff as described herein are in retaliation for Plaintiff's complaints and/or inquiries described herein, in violation of the New Jersey Conscientious Employee Protection Act. N.J.S.A. 34:19-1 et. seq.

60.   Plaintiff's assertion of his rights to be paid overtime and to obtain workers' compensation benefits, both of which Plaintiff reasonably believed he was entitled to receive, and the denial of which he believed were in violation of New Jersey law and/or public policy resulted in his termination of employment by Defendants.

61.   Defendants' adverse employment action against Plaintiff was without legitimate and/or lawful purpose and/or was pretextual and advanced in order to mask their retaliation against Plaintiff.

62.   Defendants' retaliatory actions against Plaintiff constitutes a violation of CEPA.

63.   Plaintiff has suffered damages resulting in the loss of compensatory and punitive damages, any and all other damages afforded under statute and common law, and reasonable attorneys' fees and costs.

## **JURY TRIAL**

66.   Plaintiff demands a jury trial.

WHEREFORE, Plaintiff GUILLERMO MONDRAGON, demands judgment, against Defendants SUSHITOBOX and ALEJANDRO DARIN CABRERA, Individually, as follows:

(1) on his first cause of action against Defendants in an amount to be determined at trial, including liquidated damages as permitted under the FLSA in the amount equal

to the amount of unpaid overtime wages as well as attorneys' fees and costs; and

(2) on his second cause of action against Defendants in an amount to be determined at trial, including treble damages as permitted under the NJWHL, as well as attorneys' fees and costs; and

(3) on his third cause of action, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs; and

(4)  on his fourth cause of action, in an amount to be determined at trial, plus treble damages, interest, attorneys' fees and costs;

(5) on his fifth cause of action, in an amount to be determined at trial, plus punitive damages and reasonable attorneys' fees and costs;

(6) such other injunctive and equitable relief as this Court shall deem just and proper

Dated: May 25, 2022                    Respectfully submitted,

                                       **JAFFE GLENN LAW GROUP, P.A.**

                                       /s/ Andrew I. Glenn
                                       Andrew  I. Glenn, Esq.
                                       Email: Aglenn@jaffeglenn.com
                                       Jodi J. Jaffe, Esq.
                                       E-mail: Jjaffe@jaffeglenn.com
                                       300 Carnegie Center, Suite #150
                                       Princeton, New Jersey 08540
                                       Telephone: (201) 687-9977
                                       Fax: (201)595-0308
                                       *Attorneys for Plaintiff*